(59 App. Div. 482.)

### WUNCH v. SHANKLAND.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

**1. APPEAL—NEW TRIAL—REFUSAL—ORDER—NOTICE.**

Code Civ. Proc. § 1351, provides that an appeal must be taken within 30 days after service on the attorney for appellant of a copy of the order appealed from, and a written notice of the entry thereof. *Held* that, where the record did not show that a notice of the order denying a motion for a new trial was served on appellant's attorney, an appeal from the order will not be dismissed on the ground that notice of the appeal was served too late.

**2. Trade Unions—Action for Discharge—Question for Court.**

Plaintiff alleged that he was employed, as an expert machinist, to keep typesetting machines in repair, and that on his refusal to become a member of a typographical union the typesetters threatened to strike, which resulted in plaintiff's dismissal. There was no dispute as to the facts. *Held*, that the question whether plaintiff was entitled to recover under the allegations was for the court.

**3. Appeal—Record—Review—Decision of Trial Court—Exception.**

Where the facts were not disputed, and the trial court decided that plaintiff was entitled to recover under the allegations of the complaint, the appellate division has power to review the decision, though there were no proper exceptions in the record.

**4. Same—Appeal from Order.**

Where the facts were not disputed, and the trial court decided that plaintiff was entitled to recover under the allegations of the complaint, an appeal from an order denying a new trial was sufficient to present the decision of the trial court for review.

**5. Labor Organization—Nonunion Workmen—Dismissal.**

Plaintiff alleged that he was a skilled machinist, employed in keeping typesetting machines in repair, and that the typesetters threatened to strike because of plaintiff's refusal to join the typographical union, and that in consequence of such threat plaintiff was discharged. *Held*, that plaintiff was not entitled to recover damages occasioned by his discharge from the members of the typographical union which ordered the typesetters not to continue to work with plaintiff, since the defendants did not infringe any legal right of plaintiff or commit any unlawful acts.

Appeal from trial term, Erie county.

Action by Edward Wunch against David Shankland, as president of Typographical Union No. 9. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Tracy C. Becker, for appellant.
Thomas F. Boyd, for respondent.

WILLIAMS, J. There does not appear to have been service of any notice of entry of order denying motion for a new trial, so as to limit the appellant's time to appeal therefrom under section 1351 of the Code of Civil Procedure. The only notice was of entry of "order of judgment." The appeal from such order is properly here, therefore, and cannot be dismissed on the ground that the notice of such appeal was served too late.

The action was brought to recover damages sustained by plaintiff by reason of his discharge from employment with the proprietor of the Buffalo Evening News, alleged to have been procured by the members of the defendant, an unincorporated association, consisting of more than seven persons. The allegation in the complaint was, that such members, "acting pursuant to a resolution passed by the said Union, and each of said members acting in concert with all the others, and conspiring together to accomplish their object, maliciously and by threats and intimidation, or other unlawful means, exercised on the business manager of this plaintiff's employer, the said Edward H. Butler, secured plaintiff's discharge from his employment as machinist for the said Edward H. Butler, thus depriving

plaintiff of his occupation and means of livelihood, to plaintiff's damage in the sum of $5,000." This allegation was denied by the answer, and the issue thus raised was tried before the court and jury. After the evidence was given, the court decided, as matter of law, that a cause of action had been established, and left only the question of the amount of damages to the jury. There was practically no dispute as to the facts. The court very properly held that the question as to plaintiff's right to recover was for the court, and not for the jury. Whether the court correctly solved that question favorably to the plaintiff is the point to be determined here. The court on appeal has power to review that decision, even if there are not proper exceptions found in the record, and we think this is a case in which such power should be exercised. If the judgment is contrary to the law, upon undisputed facts, it should not be permitted to stand. And, more than this, an appeal from an order denying a motion for a new trial would ordinarily bring such a question up for review.

The facts appearing from the evidence, so far as essential to be stated for the purposes of the question under review, are as follows: The plaintiff was a skilled machinist employed in the office of the Buffalo Evening News, to take care of and keep in repair the typesetting machines there in use. He was not a typesetter himself. He was a member of the International Association of Machinists. The foreman printer and all the typesetters and other compositors in the office were members of Typographical Union No. 9, of which the defendant was the president. These two organizations affiliated in the United Trades and Labor Council of the City of Buffalo. The plaintiff was requested to take a card, and thus become a member of Typographical Union No. 9, and refused to do so. The members of Union No. 9 decided that their members would not work in the News office with plaintiff unless he took such a card and became such member, and notified the News people that, unless plaintiff complied with their request or was discharged, the members of Union No. 9, constituting all the other working force in the office, would strike and discontinue work. The plaintiff still refusing to comply with this requirement, the plaintiff was discharged, so as to avoid the strike and keep the men necessary to get out the paper. This statement puts the facts mildly, but truly, nevertheless; and the question is whether the members of Union No. 9 by this action rendered themselves liable in damages for depriving plaintiff of his job,— his occupation and means of livelihood. This question was very carefully considered in a recent case decided by the appellate division, First department (Association v. Cumming, 53 App. Div. 227, 65 N. Y. Supp. 946), and it was there held that:

"A labor organization may properly refuse to permit its members to work with the members of a rival organization, and may notify persons employing members of both organizations that, if they do not discharge the members of the rival organization, it will cause its members, and the members of other organizations allied with it, to abandon the work, provided that in enforcing their demands they do not use force, other than such as is implied in the threat to abandon the work, or do anything tending to create a breach of the peace. And the rival organization, or any member thereof, discharged

in consequence of the threat, has, under such circumstances, no right of action against the other organization or its members."

We have examined carefully the opinion and reasons assigned for this decision, and the cases cited and referred to and discussed therein (Allen v. Flood [1898] App. Cas. 1; Davis v. Engineers, 28 App. Div. 396, 51 N. Y. Supp. 180; Curran v. Galen, 152 N. Y. 36, 46 N. E. 297, 37 L. R. A. 802), and see no reason to disagree with or criticise the conclusion arrived at by the First department, appellate division. The principles there laid down are applicable to this case, and, following that case, we must hold that the trial court erroneously decided that the plaintiff was entitled to recover in this action. We do not deem it necessary to quote from the opinion in the case referred to, or in the cases cited therein. The Curran-Galen Case, in the court of appeals, is not in conflict with the principles laid down in the First department case, as the opinion in the latter case clearly points out. Until the court of appeals overrules the First department, we think we should regard that case as controlling upon us, irrespective of our own views upon the subject.

We conclude, therefore, that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. So ordered. All concur.